IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,381






EX PARTE LIONEL FLORES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 95-4-3401 IN THE 24TH DISTRICT COURT


FROM REFUGIO COUNTY






 Per curiam.



OPINION




 This is a post-conviction application for a writ of habeas corpus forwarded to this Court
pursuant to Tex. Code Crim. Proc. Article 11.07, § 3. Applicant was convicted of burglary of a
habitation and punishment was assessed at confinement for ten years when his community
supervision was revoked. There was no appeal from this conviction.

 Applicant contends that he has improperly been classified as ineligible for release on
mandatory supervision. The trial court has entered findings that Applicant committed this
offense on January 28, 1995, that the specific method of commission was entry with intent to
commit theft, and that Applicant is serving no other sentences. The court also found that
Applicant's release date for mandatory supervision is January 25, 2011, which reflects that
Applicant is classified as ineligible for mandatory supervision.

 Burglary of a habitation with intent to commit theft is eligible for mandatory supervision
if the offense was committed before September 1, 1996, and there is no finding that any party to
the offense was armed with explosives or a deadly weapon or that any party to the offense injured
or attempted to injure anyone in effecting entry or while in the building or in immediate flight
from the building. See Article 42.18, § 8(c)(11) TEX.CODE CRIM.PROC. (1995). The
provisions of Gov't Code § 508.149 pertaining to first degree felony burglaries of habitations do
not apply to offenses committed before September 1, 1996. Applicant is entitled to relief.

 Relief is granted. The Texas Department of Criminal Justice, Criminal Institutions
Division, shall correct Applicant's records to reflect that his sentence in cause number 95-4-3401
in the 24th Judicial District Court of Refugio County is eligible for release on mandatory
supervision.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice,
Criminal Institutions and Parole Divisions.




DELIVERED: April 12, 2006

DO NOT PUBLISH